UNITED STATES *v.* INTERNATIONAL FORWARDING Co. (No. 2410.)[1]

1. JEWELRY—PARAGRAPH 1428, TARIFF ACT OF 1922.
     The addition, in the tariff act of 1922, paragraph 1428, of the language "finished or unfinished, of whatever material composed" to the provision of paragraph 356, tariff act of 1913, for "Jewelry commonly or commercially so known" makes no change in the definition of the term "jewelry" in the decisions of this court under former acts.—United States *v.* Doragon Co. et al. (12 Ct. Cust. Appls. 524; T. D. 40732), decided concurrently herewith, followed.

2. EVIDENCE—JUDICIAL NOTICE.
     The court can not judicially know whether or not certain mother-of-pearl beads in evidence are in imitation of pearls or of precious or semiprecious stones.

3. JEWELRY—BEADS AND ARTICLES MADE OF BEADS.
     In American Bead Co. *v.* United States (7 Ct. Cust. Appls. 18; T. D. 36259), under the tariff act of 1913, it was said that Congress had for many years treated beads and articles made of beads as separate tariff entities from jewelry. In the enactment of the act of 1922, by the provisions of paragraph 1403 for beads and beaded articles and of paragraph 1428 for jewelry, Congress manifested a determination to continue this distinction. The addition, in paragraph 1403, of a provision for imitation pearl beads not found in the corresponding paragraph (333) of the act of 1913 would seem to notice and accentuate this distinction as pointed out in the American Bead Co. case and to meet the decision in United States *v.* Woolworth Co. (10 Ct. Cust. Appls. 194; T. D. 38552), wherein necklaces of imitation pearl beads were held to be jewelry under the act of 1913.

4. MOTHER-OF-PEARL BEAD NECKLACES.
     Necklaces of mother-of-pearl beads are classifiable as articles of beads, under paragraph 1403, tariff act of 1922, rather than as jewelry, under paragraph 1428.

United States Court of Customs Appeals, March 6, 1925

APPEAL from Board of United States General Appraisers, Abstract 47008

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Fred J. Carter,* special attorneys, of counsel), for the United States.
     *Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument Nov. 3, 1924, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

     BARBER, Judge, delivered the opinion of the court:
     The typical sample of the importation here is a necklace of mother-of-pearl beads, strung on a substantial silk string, with a cheap metal clasp, which the board concluded, and it is not denied, is of brass.

---

[1] T. D. 40733.

These necklaces were classified under paragraph 1428 of the tariff act of 1922. Whether as jewelry, the collector does not state, but the case is argued and disposed of here on the theory that they were classified and assessed as jewelry at 80 per cent ad valorem. The only question is, were they correctly so classified, because if not, it is not denied that they are classifiable under paragraph 1403 of the act, as the importer claims, and dutiable at 60 per cent ad valorem.

At the hearing before the Board of General Appraisers importer introduced only one witness, a bookkeeper in its retail store, whose testimony in substance was that the merchandise was sold in the novelty department of that store as jewelry; that she did not know what the term jewelry would cover; and that in their imported condition the necklaces were ready to wear.

The Government called only one witness, a customs examiner, who testified that, in his opinion, the necklaces should be classified as beaded articles in chief value of beads under paragraph 1403.

It is obvious that the testimony of neither of these witnesses tended to show commercial designation, nor is it so claimed.

The Board of General Appraisers held in effect that these necklaces were not of the variety of beaded necklaces that this court in the case of American Bead Co. *v.* United States (7 Ct. Cust. Appls. 18; T. D. 36259) held were properly classifiable as jewelry; and, relying on that case and also on the testimony given by the Government examiner, sustained the protest.

That part of paragraph 1428 relied upon by the Government reads as follows:

Jewelry commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces. * * *

So far as value is concerned these necklaces are within the paragraph.

The applicable part of paragraph 356 of the act of 1913, the predecessor of paragraph 1428, and which was under consideration in the American Bead Co. case, supra, was as follows:

Jewelry commonly or commercially so known, valued above 20 cents per dozen pieces. * * *

The relevant parts of the two paragraphs are, therefore, identical except that the term "finished or unfinished, of whatever material composed" has been inserted in the later enactment and the contention of the Government here rests upon the effect to be given to the words, "of whatever material composed."

In No. 2372, United States *v.* Doragon Co. et al., concurrently decided (12 Ct. Cust. Appls. 524; T. D. 40732), we have considered the effect of this change in the language of paragraph 1428 and refer to the opinion therein as expressing our views on that question. In

view thereof these necklaces are not classifiable as jewelry, commonly so known, and there is nothing to show that they are commercially known as jewelry.

Paragraph 1403, so far as necessary to quote, is as follows:

Spangles and beads, including bugles, but not including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones, 35 per centum ad valorem; beads of ivory, 45 per centum ad valorem; fabrics and articles not ornamented with beads, spangles, or bugles, nor embroidered, tamboured, appliquéd, or scalloped, composed wholly or in chief value of beads or spangles other than imitation pearl beads and beads in imitation of precious or semiprecious stones, 60 per centum ad valorem; imitation pearl beads of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, 60 per centum ad valorem; all other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, 45 per centum ad valorem.

The provision thereof especially relied upon by importer is for articles not ornamented with beads, etc., nor embroidered, tamboured, appliquéd or scalloped, composed wholly or in chief value of beads or spangles other than imitation pearl beads and beads in imitation of precious or semiprecious stones.

There is no finding below and no testimony tending to show that the mother-of-pearl beads of which these necklaces are made are beads in imitation of pearl beads or in imitation of beads made of precious or semiprecious stones, and we are not able of our own knowledge to say that they are in imitation of either.

These necklaces are not ornamented with beads, spangles or bugles, nor are they embroidered, tamboured or appliquéd or scalloped as in the paragraph mentioned, but are composed wholly or in chief value of beads other than imitation pearl beads and beads in imitation of precious or semiprecious stones, and so are expressly provided for in paragraph 1403.

In the American Bead Co. case, supra, after full examination of authorities, we definitely concluded, in view of the legislative history and judicial pronouncements, that Congress had—

consistently and for many years provided separately, sometimes at the same and sometimes at different rates of duty, for beads and articles composed of beads, and [for] jewelry commonly or commercially so known, thereby clearly declaring them different subjects of classification and duty, and has continued that policy with emphasis in this act.

We are still of opinion, in view of the provisions of paragraph 1403, that Congress has intended to regard articles composed of beads provided for therein, as subjects of tariff classification and duty, different from jewelry, commonly so known, provided for in paragraph 1428.

This view is strengthened by the fact that paragraph 1403 contains provisions, not found in paragraph 333 of the act of 1913, for imita-

tion pearl beads of all kinds and shapes of whatever material composed, strung, mounted, or unmounted, and for all other beads in imitation of precious or semiprecious stones, of all kinds and shapes and of whatever material composed, strung, mounted, or unmounted.

The effect of this extension or enlargement of the earlier statute would seem now to require the classification under paragraph 1403 of necklaces of imitation pearl beads which, in United States *v.* Woolworth Co. (10 Ct. Cust. Appls. 194; T. D. 38552), we held were classifiable as jewelry.

In other words, Congress seems to have deliberately removed from classification as jewelry, commonly so known, imitation·pearl bead necklaces, thus indicating its approval of our conclusion in the American Bead Co. case, that it had intended, generally speaking, to differentiate for tariff classification purposes, between the bead paragraph and the jewelry paragraph, at least in the absence of proof of commercial designation.

Inasmuch, therefore, as Congress in paragraph 1403 has specifically declared that articles, and of course necklaces are articles, composed wholly or in chief value of beads such as those here, shall be dutiable at 60 per cent ad valorem, these necklaces are properly classifiable thereunder and dutiable at that rate.

Had there been proof below that they were commonly or commercially known as jewelry, another question would be presented.

The judgment of the Board of General Appraisers is *affirmed.*